UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

**CRIMINAL ACTION NO. 5:17-131-KKC**
**CRIMINAL ACTION NO. 5:12-100-KKC**

UNITED STATES OF AMERICA                                         PLAINTIFF

v.                        **OPINION AND ORDER**

VINCENT CONICE BROWN                                         DEFENDANT

\* \* \* \* \*

Defendant Vincent Conice Brown moves the Court to clarify that his sentence on a supervised release violation in Lexington Criminal Matter No. 5:12-100 should run concurrent with his sentence for being a felon in possession of a firearm in Lexington Criminal Matter No. 5:17-131. (Case No. 5:17-131, DE 29, 31; Case No. 5:12-100, DE 538.) The Court will deny the motions

Brown was initially sentenced by this Court on May 30, 2014 for distributing cocaine base. This occurred in Lexington Criminal Matter No. 5:12-100. The Court sentenced him to a prison term of 36 months. He served that time and then began an 8-year term of supervised release on April 2, 2015. (Case No. 5:12-100, DE 476, Report at 1.)

On July 26, 2017, he was arrested by the Lexington-Fayette Urban County Police Department and was indicted in state court for being a felon in possession of a firearm. He was released from state custody on bond. (Case No. 5:12-100, DE 476, Report at 2.)

Possessing the firearm was a violation of the terms of Brown's supervised release in this Court. Accordingly, he was arrested by federal authorities on August 2, 2017 for the supervised release violation. On August 10, 2017, the Court conducted a hearing on the violation. At the hearing, Brown stipulated that he had violated the terms of his supervised release. (Case No. 5: 12-100, DE 479, Minute Entry.) The Court found the supervised release violation had occurred and ordered that Brown remain in custody until sentencing.

Possessing the firearm also violated a federal law that prohibits felons from possessing firearms. 18 U.S.C. § 922(g)(1). Thus, on December 7, 2017, Brown was indicted in this Court in Lexington Criminal Matter No. 17-131 for possessing the firearm. He later pleaded guilty to the charge.

On June 28, 2018, the Court sentenced Brown on both the supervised release violation in Lexington Criminal Matter No. 12-100 and the gun charge in Lexington Criminal Matter No. 17-131.

As to the supervised release violation, the Court sentenced Brown to time served. The "time served" consisted of the 330 days Brown served in custody from the date he was arrested on the supervised release violation (August 2, 2017) until the June 28, 2018 sentencing. As to the federal gun charge in Lexington Criminal Matter No. 17-131, the Court sentenced Brown to a prison term of 70 months.

Brown asks the Court to clarify that it intended for the 70-month sentence to run concurrent with the "time served" sentence. But the time-served sentence ended on the day it was imposed. The 70-month sentence commenced on that day. Thus, the sentences must necessarily run consecutive.

What Brown may be seeking is for the Bureau of Prisons (BOP) to give him credit on his 70-month sentence for the 330 days of "time served" on his supervised release violation.

Whether a defendant is entitled to prior-custody credit on a federal sentence is controlled by 18 U.S.C. § 3585(b), which provides:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences –
>
> (1) as a result of the offense for which the sentence was imposed; or
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

18 U.S.C. § 3585(b).

The BOP is responsible for calculating a defendant's sentence, including his entitlement to prior-custody credit. "After a district court sentences a federal offender, the Attorney General, through the BOP, has the responsibility for administering the sentence." *United States v. Wilson*, 503 U.S. 329, 335 (1992) (citing 18 U.S.C. § 3621(a)). "To fulfill this duty, the BOP must know how much of the sentence the offender has left to serve. Because the offender has a right to certain jail-time credit under § 3585(b), and because the district court cannot determine the amount of the credit at sentencing, the Attorney General has no choice but to make the determination as an administrative matter when imprisoning the defendant." *Id*.

Before challenging the BOP's calculation of his sentence in this Court, however, Brown must exhaust the BOP's administrative remedies. *See* 28 C.F.R. § 542.10–16. After the BOP makes a final decision, Brown may challenge that decision by filing a petition for judicial review

under 28 U.S.C. § 2241 in the district in which he is incarcerated. *See Rogers v. United States*, 180 F.3d 349, 357-58 (1st Cir. 1999); *Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999).

It does not appear, however, that Brown is entitled to the relief he seeks based on the clear language of 18 U.S.C. § 3585(b). Brown already received credit for the 330 days between the date he was taken into custody on the supervised release violation (August 2, 2017) and the date he was sentenced on that charge (June 28, 2018). This time was credited against his "time served" sentence on the supervised release violation. Thus, these 330 days cannot be credited against his 70-month sentence because that time was already "credited against another sentence." See 18 U.S.C. § 3585(b).

For all these reasons, the Court hereby ORDERS that Brown's motions for the Court to clarify that his 70-month sentence on a federal gun charge should run concurrent to his time-served sentence for the supervised release violation (Case No. 5:17-131, DE 29, 31; Case No. 5:12-100, DE 538) are DENIED.

Dated February 19, 2019.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY